IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE HENRY SCOTT, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0455-CG-N |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned for appropriate disposition pursuant to 28 U.S.C. §636.  Respondent has filed a Motion to Dismiss (doc. 29) the habeas petition, to which petitioner has twice responded (docs. 32, 35).   Petitioner has also filed a Motion to Dismiss if in Wrong Jurisdiction (doc. 34), which seeks voluntary dismissal of this action if the court finds that he failed to exhaust his state remedies prior to filing this action in federal court.  Further, in the last month, Petitioner has filed numerous other motions in this action: Motion to Subpoena Documents (doc. 25); Motion for Status (doc. 28); Motion for Speedy Trial and for Status (doc. 30); Motion for Subpoenas (doc. 33); and Motion for Extension of Time (doc. 35).

Petitioner acknowledges that he attempted, unsuccessfully, to file a claim in the Circuit Court of Escambia County, Alabama; he attaches a letter as an exhibit to his Motion (doc. 34), which indicates that he filed the claim on forms obtained from this court for a habeas claim pursuant to 28 U.S.C.§2254, and that they were returned for that reason.  Petitioner has not refiled the state claim in that court.

The exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) provides that "[a]n application

1

for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State." Dismissal is appropriate to allow petitioner to return to state court to exhaust his claim. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

Accordingly, it is RECOMMENDED that petitioner's Motion to Dismiss if in Wrong Jurisdiction be GRANTED, and that this action be DISMISSED without prejudice. Alternatively, the undersigned RECOMMENDS that the respondent's Motion to Dismiss be granted. It is further RECOMMENDED that all other pending motions be DENIED as Moot.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 17th day of December 2009.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within FOURTEEN days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the
findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.